**Rabi ABDULLAHI, individually and as the natural guardian and personal representative of the estate of her daughter Lubabatau Abdullahi; Salisu Abullahi, individually and as the natural guardian and personal repre-**

sentative of the estate of his son Abullahi (Manufi) Salisu; Alasan Abdullahi, individually and as the natural guardian and personal representative of the estate of his daughter Firdausi Abdullahi; Ali Hashimu, individually and as the natural guardian and personal representative of the estate of his daughter Suleiman Ali; Muhammadu Inuwa, individually and as the natural guardian and personal representative of the estate of his son Abdullahi M. Inuwa; Magaji Alh Laden, individually and as the natural guardian and personal representative of the estate of his son Kabiru Isyaku; Alhaji Mustapha, individually and as the natural guardian and personal representative of the estate of his daughter Asma'u Mustapha; Suleiman Umar, individually and as the natural guardian and personal representative of the estate of his son Buhari Suleiman; Zainab Abdu, a minor, by her mother and natural guardian, Hajia Abdullahi; Hajia Abdullahi, individually; Firdausi Abdullahi, a minor, by her father and natural guardian, Abdullahi Madawaki; Abdullahi Madawaki, individually; Sani Abdullahi, a minor, by her father and natural guardian, Abdullahi Madawaki; Abdullahi Ado, a minor, by his mother and natural guardian, Aisha Ado; Aisha Ado, individually; Abdulmajid Ali, a minor, by his father and natural guardian, Alhaji Yusuf Ali; Alhaji Yusuf Ali, individually; Nura Muhammad Ali, a minor, by his father and natural guardian, Muhammad Ali; Muhammad Ali, individually; Umar Badamasi, a minor, by his father and natural guardian, Malam Badamasi Zubairu; Malam Badamasi Zubairu, individually; Muhammadu Fatahu Danladi, a minor, by his father and natural guardian, Alhaji Danladi Ibrahim; Alhaji Danladi Ibrahim, individually; Dalha Hamza, a minor, by his father and natural guardian, Malam Hamza Gwammaja; Malam Hamza Gwammaja, individually; Tasiu Haruna, a minor, by his guardian, Mukhtar Saleh; Mukhtar Saleh, individually; Muhyiddeen Hassan, a minor, by his father and natural guardian, Tijjani Hassan; Tijjani Hassan, individually; Kawu Adamu Ibrahim, a minor, by his father and natural guardian, Malam Abamus Ibrahim Adamu; Malam Abamus Ibrahim Adamu, individually; Sunusi Alh Ibrahim, a minor, by his father and natural guardian, Alhaji Ibrahim Haruna; Alhaji Ibrahim Haruna, individually; Malam Idris, individually; Maryam Idris, a minor, by her father and natural guardian, Malam Idris; Yusuf Idris, a minor, by his father and natural guardian, Idris Umar; Idris Umar, individually; Hafsat Isa, a minor, by her father and natural guardian, Isa Muhammed Isa; Muhammed Isa, individually; Taju Isa, a minor, by her father and natural guardian, Malam Isa Usman; Malam Isa Usman, individually; Hadiza Isyaku, a minor, by her father and natural guardian, Isyaku Shuaibu; Isyaku Shuaibu, individually; Zahra'u Jafaru, a minor, by her father and natural guardian, Jafaru Baba; Jafaru Baba, individually; Anas Mohammed, a minor, by his father and natural guardian, Malam Mohammed; Malam Mohammed, individually; Nafisatu Muhammed, a minor, by her mother and natural guardian, Yahawasu Muhammed; Yahawasu Muhammed, individually; Muhsinu Tijjani, a minor, by his fa-

ther and natural guardian, **Tijjani Hassan; Alhaji Yusuf Yusuf,** individually, **Plaintiffs–Appellants–Cross–Appellees,**

v.

**PFIZER, INC.,** Defendant–Appellee–Cross–Appellant.

Nos. 02–9223(L), 02–9303(XAP).

United States Court of Appeals, Second Circuit.

Oct. 8, 2003.

Elaine S. Kusel, Milberg Weiss Bershad Hynes & Lerach LLP (Melvyn I. Weiss, Jennifer T. Dunn, Ann M. Lipton, of counsel), New York, NY, for Plaintiffs–Appellants, of counsel.

Ali Ahmad, Cheverly, MD, for Plaintiffs–Appellants.

Steven Glickstein, Kaye Scholer LLP (David Klingsberg, James D. Herschlein, on the brief), New York, NY, for Defendant–Appellee.

Present: MESKILL, MINER, and STRAUB, Circuit Judges.

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED and the case REMANDED.

Plaintiffs Rabi Abdullahi et al. appeal from an order and final judgment entered September 26, 2002 by the United States District Court for the Southern District of New York (William H. Pauley, *Judge*), dismissing their complaint on grounds of *forum non conveniens*. Defendant Pfizer, Inc. cross-appeals from the District Court's contemporaneous denial of Pfizer's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs are minors and their guardians, all of whom reside in Nigeria. De-

fendant Pfizer, the world's largest pharmaceutical corporation, was incorporated in Delaware and has its headquarters in New York. The central events at issue in this lawsuit occurred in 1996, not long after epidemics of bacterial meningitis, measles and cholera broke out in Kano, Nigeria. Pfizer established a treatment center at the Infectious Disease Hospital in Kano to treat victims of the meningitis epidemic. Plaintiffs allege that Pfizer, instead of using safe and effective bacterial meningitis treatments, used the epidemic as an opportunity to conduct biomedical research experiments on Nigerian children involving Pfizer's "new, untested and unproven" antibiotic, trovaflozacin mesylate, better known by its brand name, Trovan®. *Abdullahi v. Pfizer*, No. 01 Civ. 8118, 2002 WL 31082956, at *1 (S.D.N.Y. Sept. 17, 2002).[1] Plaintiffs claim that Pfizer failed to explain to the children's parents that the proposed treatment was experimental, that they could refuse it, or that other organizations offered more conventional treatments at the same site free of charge. *Id.* at *2. In addition, plaintiffs assert that half of the children who participated in Pfizer's treatment program were deliberately given inadequate doses of ceftriaxone–an FDA-approved drug shown to be effective in treating meningitis–so that Trovan would look more effective by comparison. *Id.* According to plaintiffs, five of the children who received Trovan and six of the children who were "low-dosed" with ceftriaxone died and others treated by Pfizer suffered very serious injuries, including paralysis, deafness and blindness. *Id.*

Plaintiffs filed their complaint in this action on August 29, 2001. They asserted that one of the bases of jurisdiction in the District Court was 28 U.S.C. § 1350, the Alien Tort Claims Act ("ATCA"), because Pfizer purportedly violated the Nuremberg Code, the Declaration of Helsinki, article 7 of the International Covenant on Civil and Political Rights, FDA regulations and other norms of international law. In a Memorandum and Order dated September 16, 2002, the District Court (William H. Pauley, *Judge*) denied Pfizer's 12(b)(6) motion to dismiss the complaint for failure to state a claim under the ATCA but granted Pfizer's motion to dismiss the complaint on *forum non conveniens* grounds. *See Abdullahi*, 2002 WL 31082956, at *6, *12. Judgment was entered on September 26, 2002 and this timely appeal followed.

We review a *forum non conveniens* dismissal for "a clear abuse of discretion." *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 498 (2d Cir.2002). In evaluating the *forum non conveniens* question, the District Court properly considered: (i) the level of deference owed to the plaintiffs; (ii) the availability of an adequate alternative forum; and (iii) whether the public and private interest factors weigh in favor of an adjudication in the plaintiffs' chosen forum or in the defendant's proposed alternative. *See id.* at 500. The District Court resolved each of these questions in Pfizer's favor, finding that: (i) plaintiffs' choice of forum was owed "less deference" because they are foreign plaintiffs; (ii) Nigeria was an adequate alternative forum; and (iii) the public and private interest factors favored a trial in Nigeria over one in New York. *Abdullahi*, 2002 WL 31082956, at *6–12.

Our principal problem in resolving this appeal on the current record relates to the inquiry into the existence of an adequate

---

1. This brief summary of the facts is drawn largely from the District Court's memorandum and order. As the District Court did, we accept the allegations in the plaintiffs' complaint as true for purposes of resolving the motions to dismiss.

alternative forum. It is well settled that a *forum non conveniens* motion "may not be granted unless an adequate alternative forum exists," and, in general, "[a]n alternative forum is ordinarily adequate if the defendants are amenable to service of process there and the forum permits litigation of the subject matter of the dispute." *Monegasque*, 311 F.3d at 499 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). To satisfy this element of the analysis, Pfizer demonstrated that it was subject to service of process in Nigeria and that Nigerian law provided an adequate remedy for plaintiffs' claims because it recognizes negligence, medical malpractice, and personal injury claims. *Abdullahi*, 2002 WL 31082956, at *7.

In "rare" cases, however, as the District Court aptly observed, "if the plaintiff shows that conditions in the foreign forum plainly demonstrate that 'plaintiffs are highly unlikely to obtain basic justice therein,'" a defendant's *forum non conveniens* motion must be denied. *Id.* at *8 (citation omitted). In this case, the plaintiffs made just such a claim—arguing vehemently that the Nigerian court system was too corrupt to be considered an adequate alternative forum. In support of these allegations, plaintiffs submitted to the District Court affidavits and a number of State Department and United Nations' reports that included general observations about the corruption in Nigeria's judiciary. *See id.* Although it observed that "the record offered by plaintiffs indicates that Nigeria is a nation experiencing difficulties in its transition from a dictatorship to a democracy," the District Court declined to find Nigeria to be an inadequate alternative. According to the District Court, "nothing in plaintiffs' submissions reaches beyond the most general of characterizations," and "conclusory allegations of corruption or bias on the part of the foreign forum will not prevent a dismissal on forum non conveniens grounds." *Id.* at *8–9.

On appeal, the plaintiffs have made a motion that we take judicial notice of the fact that "[a] parallel action filed in Nigeria [*Zango v. Pfizer*, No. FHC/K/CS/204/2001], involving different plaintiffs but the same course of conduct by Pfizer, was dismissed on August 19, 2002."[2] Plaintiffs request that we notice both the *fact* of the dismissal "and the reasons for it." Plaintiffs rely on the statements included in the Notice of Discontinuance as proof of the *Zango* plaintiffs' reasons for discontinuing the action. (The notice blames an indefinite adjournment and the fact that the judge hearing the case declined jurisdiction "for personal reasons.")

Pfizer objects to the plaintiffs' motion and requests, instead, that we take notice of the entire *Zango* docket, minutes and rulings because, according to Pfizer, these entries, minutes and rulings show that the *Zango* plaintiffs' version of events (as outlined in the Notice of Discontinuance) is disingenuous. Plaintiffs oppose Pfizer's motion, arguing that we "cannot fully understand the significance of the events in *Zango* on the [selective] record provided by Pfizer."

The plaintiffs' understanding of the *Zango* events conflicts with the interpreta-

---

2. The *Zango* plaintiffs' Notice of Discontinuance was dated August 19, 2002, but it was not actually filed until October 17, 2002. Thus, although plaintiffs suggested otherwise in their motion papers, the *Zango* dismissal did *not* predate the issuance of the District Court's order dismissing this case on *forum non conveniens* grounds. The District Court's order was dated September 16, 2002 and the judgment was entered on September 26, 2002.

tion that Pfizer wishes us to draw from the docket entries (which were not presented to the District Court) and this dispute is impossible for us to resolve based on the record before us. As such, this would be an inappropriate fact for judicial notice.[3] *See* Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also* WEINSTEIN'S FEDERAL EVIDENCE § 201.13[1][b] ("Courts will not take judicial notice of factual propositions that are subject to reasonable dispute, even if they appear as allegations in pleadings, trial testimony, or findings of fact in judgments.") (footnotes omitted). These facts, however, would seem to be relevant to the *forum non conveniens* analysis—perhaps providing just the type of specific information that the District Court found lacking. As such, we remand the case to the District Court for proceedings to determine what precipitated the dismissal in *Zango* and to evaluate whether that impacts the District Court's *forum non conveniens* analysis.

We also note that while this appeal was pending, another panel of this Court decided *Flores v. Southern Peru Copper Corp.*, No. 02–9008, 2003 WL 22038598 (2d Cir. Aug.29, 2003) (holding that plaintiffs' claims of local, intranational environmental pollution were not actionable under the ATCA because such pollution does not violate customary international law). The applicability of *Flores* to the instant case is not entirely clear, in large part because this issue—whether the conduct alleged qualifies as a violation of "customary international law" under the ATCA—is one that Pfizer did not address before the District Court.[4] Both parties have glossed over the issue on appeal.

Because we are remanding for further proceedings with respect to Pfizer's motion to dismiss on *forum non conveniens* grounds, we do not reach the subject of Pfizer's cross appeal—the propriety of the District Court's denial of Pfizer's Rule 12(b)(6) motion.

For the foregoing reasons, we VACATE the District Court's judgment granting Pfizer's motion to dismiss on *forum non conveniens* grounds and REMAND the matter for further proceedings not inconsistent with this summary order.

---

3. Because we are remanding, we need not take judicial notice of the other items cited by the parties, including new State Department travel warnings and other reports, and a supplemental appendix filed in *Monegasque, see* 311 F.3d at 499. We leave the resolution of these issues to the District Court.

4. Indeed, when prodded by the District Court at oral argument on its motion, Pfizer repeatedly indicated that this threshold issue—whether the conduct alleged by the plaintiffs would violate any customary international law—was "not the subject of [its] motion." Moreover, Pfizer suggested that it would only pursue such an argument if the District Court found that the plaintiffs had adequately pleaded state action.